**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------x
                              :
JENNIPHER B.                  :    Civ. No. 3:21CV01351(SALM)
                              :
v.                            :
                              :
KILOLO KIJAKAZI, ACTING       :
COMMISSIONER OF THE SOCIAL    :
SECURITY ADMINISTRATION       :    June 27, 2022
                              :
------------------------------x
```

## ORDER APPROVING STIPULATION FOR ALLOWANCE OF FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

Plaintiff Jennipher B. ("plaintiff") originally filed concurrent applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits on August 29, 2016. See Certified Transcript of the Administrative Record, Doc. #9, compiled on November 19, 2021, (hereinafter "Tr.") at 273-79.[1] Plaintiff's applications were denied initially on October 25, 2016, see Tr. 166-86, and upon reconsideration on January 9, 2017. See Tr. 190-208.

On February 5, 2018, plaintiff, then represented by Attorney Timothy Lodge, appeared at a hearing before Administrative Law Judge ("ALJ") Deirdre R. Horton. See

---

[1] Plaintiff's original SSI application does not appear in the record. Other documentation, however, indicates that plaintiff did in fact apply for SSI on August 29, 2016. See, e.g., Tr. 166-75 (SSI denial dated October 25, 2016).

1

generally Tr. 40-79. On March 12, 2018, ALJ Horton issued an unfavorable decision. See Tr. 7-29. On January 16, 2019, the Appeals Council denied plaintiff's request for review, thereby making ALJ Horton's decision the final decision of the Commissioner. See Tr. 1-6. Plaintiff, represented by Attorney Ivan Katz, timely appealed that decision to the District Court on February 27, 2019. See Jennipher B. v. Berryhill, No. 3:19CV00291(WIG) (D. Conn. Feb. 27, 2019). After the parties had fully briefed the issues on appeal, on December 12, 2019, Judge William I. Garfinkel granted plaintiff's Motion to Reverse the Decision of the Commissioner. See Tr. 2562-77. Judgment entered in plaintiff's favor on December 17, 2019. See Tr. 2578.

On February 3, 2020, the Appeals Council issued a "Notice of Order of Appeals Council Remanding Case to Administrative Law Judge[.]" Tr. 2579.

On May 26, 2021, plaintiff, then represented by Attorney Ben Shapiro, appeared at a second administrative hearing before ALJ John Molleur. See generally Tr. 2483-2532. On July 23, 2021, ALJ Molleur issued a partially favorable decision, finding that plaintiff "was not disabled prior to July 1, 2020, but became disabled on that date and has continued to be disabled through the date of this decision. The [plaintiff] was not under a disability within the meaning of the Social Security Act at any

2

time through December 31, 2018, the date last insured." Tr. 2457. Plaintiff filed no exceptions to ALJ Molleur's decision. See Doc. #1 at 3, ¶14. Accordingly, ALJ Molleur's decision became the final decision of the Commissioner on September 21, 2021. See id. Plaintiff, again represented by Attorney Katz, timely appealed that decision to this Court on October 12, 2021. See generally Doc. #1.

On November 24, 2021, the Commissioner (hereinafter the "defendant" or the "Commissioner") filed the official transcript. [Doc. #9]. On March 1, 2022, after having received an extension of time by which to file her brief, plaintiff filed a Motion to Reverse the Decision of the Commissioner. See Docs. #15, #18. On March 11, 2022, defendant filed a Motion for Voluntary Remand pursuant to Sentence Four of 42 U.S.C. §405(g). [Doc. #22]. The Court granted defendant's motion on that same date [Doc. #23], and judgment entered for plaintiff on March 14, 2022. [Doc. #25].

On June 10, 2022, the parties filed a Stipulation for Allowance of Fees Under the Equal Access to Justice Act ("EAJA") (hereinafter "Stipulation"). [Doc. #26]. The Stipulation states that the parties have agreed "that Plaintiff shall be awarded attorney fees in the amount of **$10,500.00** under the" EAJA "in

full and final satisfaction (upon payment) of any and all claims under EAJA." Id. at 1.

On June 10, 2022, plaintiff's counsel filed a "Statement re: Stipulation for Award of Fees Under the EAJA" (hereinafter "Statement"). Doc. #27. The statement itemizes the time expended by Attorney Katz in this matter. See id. at 1.

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the record and determine whether the proposed award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (citation and quotation marks omitted); see also Rogers v. Colvin, No. 4:13CV00945(TMC), 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation"). The Court therefore has reviewed the itemization of time expended by

4

Attorney Katz to determine whether the agreed upon fee amount is reasonable.

For the reasons set forth herein, the Court **APPROVES and SO ORDERS** the Stipulation [**Doc. #26**], for the stipulated amount of **$10,500.00.**

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA, 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

Plaintiff's attorney claims fees for 52.70 hours of work at an "effective hourly rate, reduced for settlement[]" of $199.25 per hour. See Doc. #27 at 1. The parties have reached an agreement under which defendant would pay $10,500.00 in fees,

which represents the entirety of the hours claimed by Attorney
Katz at the "reduced" hourly rate. Id. It is plaintiff's burden
to establish entitlement to a fee award, and the Court has the
discretion to determine what fee is "reasonable." Hensley v.
Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C.
§1988, which allows a "prevailing party" to recover "a
reasonable attorney's fee as part of the costs").[2] This Court has
a duty to review Attorney Katz's time sheet to determine the
reasonableness of the hours requested and to exclude hours "that
are excessive, redundant, or otherwise unnecessary[.]" Id. at
434. "Determining a 'reasonable attorney's fee' is a matter that
is committed to the sound discretion of a trial judge." J.O. v.
Astrue, No. 3:11CV01768(DFM), 2014 WL 1031666, at *1 (D. Conn.
Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558
(2010)).

The Court finds that plaintiff has satisfied the
requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of
fees may enter. Specifically, the Court finds that: (1)
plaintiff is a prevailing party in light of the Court ordering a
remand of this matter for further administrative proceedings;

---

[2] The "standards set forth in [Hensley] are generally applicable
in all cases in which Congress has authorized an award of fees
to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.

(2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed.[3] See 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks payment for 52.70 hours of work. See Doc. #27 at 1. The administrative transcript in this case was comprised of a massive 11,992 pages. See Doc. #9. In addition, plaintiff's counsel submitted a thorough brief, resulting in a motion for voluntary remand just ten days later. See Docs. #18, #22. The Court finds the attorney time reasonable for the work claimed, including review of the administrative transcript [Doc. #9] and preparation of the motion to reverse and supporting memorandum [Doc. #18]. Cf. Rodriguez v. Astrue,

---

[3] The request for attorney's fees is timely because it was filed within thirty days after the time to appeal the final judgment had expired. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) ("[A] 'final judgment' for purposes of 28 U.S.C. §2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."). "The notice of appeal may be filed by any party within 60 days after entry of the judgment" in cases where, as here, one of the parties is "a United States officer or employee sued in an official capacity[.]" Fed. R. App. P. 4(a)(1)(B), (B)(iii). In this case, the 30-day EAJA clock would begin to run on May 13, 2022, 60 days after judgment for plaintiff entered. The Stipulation was filed on June 10, 2022, just before the expiration of the filing deadline on June 13, 2022. See Doc. #26.

No. 3:08CV00154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." (quotation marks and multiple citations omitted)); see also Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014).

"Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV01930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012) (citations and quotation marks omitted); Cobb v. Astrue, No. 3:08CV01130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009). Although 52.70 hours exceeds the presumptively reasonable time for prosecuting a Social Security appeal, the agreed upon hours sought are reasonable given the sheer volume of the administrative record. See Butler v. Colvin, No. 3:13CV00607(CSH)(JGM), 2015 WL 1954645, at *2 (D. Conn. Apr. 29, 2015) ("[I]n cases where the specific circumstances warrant it, courts do not hesitate to

award fees in excess of twenty to forty hours." (citation and quotation marks omitted)).

Accordingly, the Court finds that the 52.70 hours claimed is reasonable, particularly in light of the parties' stipulation, which weighs in favor of finding that the fee award claimed is reasonable. Therefore, an award of **$10,500.00** in fees is appropriate, and the Court **APPROVES and SO ORDERS** the Stipulation [**Doc. #26**].

It is so ordered at Bridgeport, Connecticut this 27th day of June, 2022.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE